325 So.2d 661 (1975)
T. L. STANLEY, Individually and for the Estate of his minor child, Linda Stanley, Plaintiffs-Appellees,
v.
Gus O. WILEY et al., Defendants-Appellants.
No. 5248.
Court of Appeal of Louisiana, Third Circuit.
December 24, 1975.
Rehearing Denied January 30, 1976.
Gold, Hall, Hammill & Little by Leo Gold, Stafford, Pitts & Stafford by John L. Pitts, Lewis O. Lauve, Gist, Methvin & Trimble by James T. Trimble, Jr., Alexandria, Sam J. Friedman, Natchitoches, for defendants-appellants.
Gravel, Roy & Burnes by Chris J. Roy, Alexandria, Roy Maughan and Dorsey Martin, III, Baton Rouge, Alfred Mansour and Edward A. Kaplan, Pharis & Pharis by F. Jean Pharis, Alexandria, Watson, Murchison, Crews & Arthur by William P. Crews, Jr., Natchitoches, for plaintiffs-appellees.
Before MILLER, WATSON and CUTRER, JJ.
MILLER, Judge.
Defendants appeal a judgment awarding $275,000 as general damages for injuries sustained by plaintiff T. L. Stanley's 13 year old daughter Linda, a guest passenger in a pickup truck. We affirm.
*662 This case was consolidated for trial and appeal with Ogaard v. Wiley, 325 So.2d 642 (La.App. 3 Cir. 1975), handed down this date. Defendants are named in that opinion. For reasons there assigned the trial court judgment is affirmed as to liability of the several defendants.
Linda was taken unconscious from the scene of the accident to St. Francis Cabrini Hospital in Alexandria. She suffered head injuries and a broken pelvis. An emergency tracheotomy was performed prior to her transfer to Shreveport. There three burr holes were made in her skull to protect against the possibility of a potentially fatal hematoma and to relieve dangerous pressure due to edema. Linda remained comatose for more than six weeks. For the next week her mother was able to communicate with Linda by asking questions which Linda could answer by indicating numbers with her fingers. Thereafter Linda made dramatic progress and was allowed to go home during the seventh week of her hospitalization. She was unable to walk and was showing some sign of paralysis of the right side.
Her checkup two months later revealed a continuation of the dramatic progress. Linda could read, was again learning to write, and could walk with some difficulty. However, a radical personality change was detected together with some mental retardation. Her condition was improving two months later, but a visual problem was developing. One year later she had spasticity of gait and slowness of purposeful movements.
Linda had no memory of the accident; her first memories are of her hospitalization in Shreveport. She has memory loss and represses some memories. She has scalp pains, probably psychosomatic. She has a problem with bed wetting. She will not sleep alone, has a fear of being alone, and also has a fear of riding in automobiles. These symptoms indicate Linda's psychological distress continues.
She continues her musical activity but has difficulty playing because her hand stiffens. Although she participates in group singing, she can't carry a tune.
The dramatic recovery ceased at the end of the first year.
A psychiatrist and psychologist tested Linda and concluded she has permanent brain damage resulting in mental retardation or intellectual impairment to the dull-normal range. She has some physical impairment of skilled movement, impairment of judgment, and her memory is impaired.
Before the accident, Linda's SRA scores were in the 49th percentile (51% did better), and after her recovery from the accident, she fell to the 36th percentile. The school guidance counselor could not recommend vocational or occupational preparation for her because jobs generally available to one with Linda's intellectual capacity required manual skills Linda could not acquire because of her impairment.
Linda's family testified to her inappropriate behavior confirming the doctor's diagnosis of impaired judgment. Linda herself testified to emotional management problems. She would "just bust out crying" but could not cry when she wanted to cry. The difficulty this will cause in her social life is aggravated by the change in her appearance. This was observed first hand by the trial judge, but it comes through the cold record by the photographs in evidence. A spontaneity and vitality is lacking, and the doctor relates this to the brain damage and her facial manner.
Defense counsels note her appearance is deceptive and she can still function as a wife and mother. But the changes in her behavior and appearance resulting from the accident will unquestionably diminish her opportunity to do so.
In summary, Linda is deprived of her skilled activities she enjoyed, her judgment is impaired, her memory is impaired, her *663 intellectual capacity is lessened, and she faces obstructions in her social life and vocational prospects.
Appellants have failed to establish manifest error in the trial court's exercise of its much discretion in making this award. The trial court judgment is affirmed at appellants' costs.
Affirmed.

ON APPLICATION FOR REHEARING
For reasons assigned on rehearing in Ogaard v. Wiley, 325 So.2d 642 (La.App.3rd Cir., 1975), we amend the trial court's and our former decree to assess all legal interest which accrues on the judgment from June 6, 1975 to defendants Hartford and Travelers. Should Hartford and Travelers satisfy their liability on the judgment, Mission would then be liable for interest accruing thereafter.
With this amendment, all applications for rehearing are denied. All parties are hereby granted leave to file additional applications for rehearing relating to this amended decree.
Amended and affirmed.